UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY CALDERON,

    Petitioner,                                      Civ. Case No.: 8:16-cv-1198-T-24TBM
                                                                    Cr. Case No.: 8:11-cr-592-T-24TBM

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause comes before the Court on Petitioner Anthony Calderon's *pro-se* motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 1; Cr. Dkt. 155). Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.**    **BACKGROUND**

On August 13, 2012, Petitioner pleaded guilty to counts 3 and 5 of the Second Superseding Indictment for possession and brandishing one or more firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) and 2. (Cr. Dkts. 100, 101). On November 6, 2012, this Court sentenced Petitioner to 84 months of incarceration as to Count Three and 300 months of incarceration consecutive as to Count Five for a total of 384 months incarceration. (Cr. Dkt. 116). On December 3, 2012, the Court entered an Amended Final Judgment, under which Petitioner was still ordered to serve 384 months total incarceration time. (Cr. Dkt. 129). Petitioner was not sentenced under the Armed Career Criminal Act (ACCA). Petitioner did not file a direct appeal.

On May 13, 2016, Petitioner filed the instant § 2255 motion. (Civ. Dkt. 1; Crim. Dkt. 155). Petitioner argues that the recent United States Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates due process, affords him relief.

## II.     PETITIONER'S MOTION IS UNTIMELY

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations for filing a § 2255 motion. *Lopez v. United States*, 512 F. App'x 1001, 1003 (11th Cir. 2013) (citing 28 U.S.C. § 2255(f)). The one-year period runs from the latest of the following four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's § 2255 motion is dated May 10, 2016, and it is deemed to have been filed on that date. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining that a prisoner's § 2255 motion is considered filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).

### A.     Timeliness Under § 2255(f)(1)

Under § 2255(f)(1), "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v.*

*United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).  Under the Federal Rules of Appellate Procedure, a criminal defendant's "notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed" and "[a] judgment or order is entered for purposes of . . . Rule 4(b) when it is entered on the criminal docket."  Fed. R. App. P. 4(b)(1)(A)(i) and (b)(6).

The Court entered the amended judgment on December 3, 2012.  (Cr. Dkt. 129).  Petitioner did not file a direct appeal, and his judgment of conviction became final on December 17, 2012 when the 14 day period to file a notice of appeal expired.  Under § 2255(f)(1), Petitioner had until December 17, 2013 to file a § 2255 motion.  Petitioner's § 2255 motion was filed on May 10, 2016, and Petitioner therefore cannot rely on § 2255(f)(1) to establish the timeliness of his motion.

### B.     Timeliness Under § 2255(f)(3)

Petitioner asserts that his § 2255 motion is timely because it asserts a right to relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which was decided on June 26, 2015.  Under § 2255(f)(3), a § 2255 motion can be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review."  Thus, Petitioner's motion, filed on May 10, 2016, would be timely if *Johnson* falls within the parameters of § 2255(f)(3).

However, Petitioner is afforded no relief because Petitioner was not sentenced under the ACCA and thus, *Johnson* is not applicable to Petitioner's claims.

### III.    CONCLUSION

Petitioner's motion is is untimely under § 2255(f)(1) because it was filed more than one year after his judgment of conviction became final, and Petitioner cannot rely on *Johnson* to

establish the timeliness of his motion under § 2255(f)(3). Accordingly, Petitioner's § 2255 motion (Civ. Dkt 1; Cr. Dkt. 155) is **DISMISSED** as untimely.

The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of May, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro Se* Petitioner